UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-300 |
| | § | |
| 2.476 ACRES OF LAND, MORE OR LESS, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The Court now considers the Joint Motion for Order Establishing Just Compensation, Granting Possession, Distributing Funds on Deposit in the Registry of the Court, and Closing Case filed by the United States of America and Defendants Robert Miguel Guerra, Carlos Antonio Guerra, Fidencio Miguel Guerra, Jr., Brenda Estella Guerra Brooke, Judith Ann Guerra Arnold, and Daniel Joseph Guerra, Jr. **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The full and just compensation payable by the United States for the taking of Tract RGV-RGC-6002 shall be the sum of twenty-five thousand five hundred seventy-four and 00/100 dollars ($25,574.00), plus any accrued interest earned thereon while on deposit, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature by the Defendants against the United States for the institution and prosecution of the above-captioned action.

2. Judgment shall be and is hereby entered against the United States in the amount of twenty-five thousand five hundred seventy-four and 00/100 dollars ($25,574.00) for

its taking of Tract RGV-RGC-6002, along with any accrued interest earned thereon while on deposit in the Registry of the Court.

3. The United States previously deposited twenty-five thousand five hundred seventy-four and 00/100 dollars ($25,574.00) into the Registry of the Court; title to Tract RGV-RGC-6002 vested in the United States by operation of law.

4. The United States shall be entitled to immediate possession of Tract RGV-RGC-6002, and all persons in possession or control of the interests taken in this property are ordered by this Court to surrender possession of the same to the United States.

5. The total sum of twenty-five thousand five hundred seventy-four and 00/100 dollars ($25,574.00) with accrued interest shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from this amount.

6. The Clerk of Court shall, without further order of the Court, disburse the total sum of twenty-five thousand five hundred seventy-four and 00/100 dollars ($25,574.00), which remains on deposit in the Court's Registry, along with any accrued interest earned thereon while on deposit, to be **DISBURSED** as follows:

    a. $4,262.34 shall be payable by check to Robert Miguel Guerra with accrued interest from date of deposit;

    b. $4,262.33 shall be payable by check to Carlos Antonio Guerra with accrued interest from date of deposit;

    c. $4,262.33 shall be payable by check to Brenda Estella Guerra Brooke with accrued interest from date of deposit;

    d. $4,262.33 shall be payable by check to Judith Ann Guerra Arnold with accrued interest from date of deposit;

    e. $4,262.33 shall be payable by check to Daniel Joseph Guerra, Jr. with accrued interest from date of deposit;

    f. $4,262.34 payable by check to Fidencio Miguel Guerra, Jr., with accrued interest from date of deposit.

7. Defendants warrant (a) they were the owners of their respective tract on the date of their respective taking; (b) they have the exclusive right to the compensation, herein; excepting the interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any; and (c) no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

8. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in the properties taken in this proceeding, Defendants shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendants, to the date of repayment into the Registry of the Court.

9. Defendants shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

10. There being no outstanding taxes or assessments due or owing, the Defendants are responsible for the payment of any additional taxes or assessments which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

11. Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

12. Defendants shall save and hold harmless the United States of America from all claims or liability resulting from any unrecorded leases or agreements affecting the interests in the properties taken in this proceeding on the dates of their respective takings.

13. This Agreed Order is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants.

14. **IT IS HEREBY ORDERED** that this case shall be **CLOSED** on the Court's docket.

SO ORDERED this 13th day of November, 2020, at McAllen, Texas.

_____
Randy Crane
United States District Judge

